Rob Bonta
Attorney General of California
David A. Zonana, State Bar No. 196029
David G. Alderson, State Bar No. 231597
Supervising Deputy Attorneys General
George Torgun, State Bar No. 222085
Tara Mueller, State Bar No. 161536
Deputy Attorneys General
1515 Clay Street, 20th Floor
P.O. Box 70550
Oakland, CA 94612-0550
Telephone: (510) 879-1002
Fax: (510) 622-2270
E-mail: George.Torgun@doj.ca.gov

Attorneys for Plaintiff State of California

[Additional counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA (Oakland)

| | |
|---|---|
| STATE OF CALIFORNIA, ET AL., <br><br> Plaintiffs, <br><br> vs. <br><br> HAALAND, ET AL., <br><br> Federal Defendants. | Case. No. 4:21-cv-00440-JST <br><br> **STIPULATION AND [PROPOSED] ORDER** |

Pursuant to Civil Local Rule 7-12 and 16-2, the Parties stipulate to continue a stay of proceedings until July 15, 2022—the date Federal Defendants anticipate

completing rulemaking on proposals to rescind the regulations challenged in this case.[1]  In support of the joint stipulation, the parties set forth the following reasons:

1. This case challenges Endangered Species Act ("ESA") final rules promulgated by the U.S. Fish and Wildlife Service ("FWS") within the U.S. Department of the Interior, and the National Marine Fisheries Service ("NMFS") within the National Oceanic and Atmospheric Administration, U.S. Department of Commerce (collectively, the "Services").  *See* 85 Fed. Reg. 81411 (Dec. 16, 2020) ("Habitat Definition Rule"); 85 Fed. Reg. 82376 (Dec. 18, 2020) ("Habitat Exclusion Rule").[2]

2. On January 19, 2021, Plaintiffs filed a complaint in this Court challenging both final rules.  ECF 1.

3. Shortly thereafter, President Biden issued an Executive Order that, among other things, required the Services to review the Habitat Exclusion Rule and Habitat Definition Rule. *See* Executive Order 13990, Protecting Public Health and the Environment and Restoring Science to Tackle the Climate Crisis, 86 Fed. Reg. 7037 (Jan. 25, 2021).  Following this review, the Services announced an intent to propose rescinding the Habitat Exclusion Rule and Habitat Definition Rule. *See* Notice, Regulation

---

[1] On January 27, 2021, the Court related this case to three other related cases: *Center for Biological Diversity v. Haaland*, No. 19-cv-05206, *California v. Haaland*, No. 19-cv-06013, and *Animal Legal Def. Fund v. Haaland*, No. 19-cv-06812 (N.D. Cal).

[2] Only the Department of the Interior promulgated the Habitat Exclusion Rule.  In this stipulation, the term "Services" refers to the Service or Services responsible for issuing whichever rule the given sentence is discussing—in the context of the Habitat Definition Rule, it refers to both FWS and NMFS while in the context of the Habitat Exclusion Rule, it refers to FWS.  Further, where the Habitat Exclusion Rule is solely at issue in this stipulation, the commitments in this stipulation extend only to the Department of the Interior.

Revisions, www.fws.gov/endangered/improving_esa/regulation-revisions.html.

4. On June 30, 2021, and July 8, 2021, the Services respectively transmitted draft proposed rescission rules ("Proposed Rescission Rules") to the Office of Management and Budget ("OMB") for review under Executive Order 12866. If the Services finalize the Proposed Rescission Rules, the Service's position is that the legal claims raised in this case would be moot and the Court would not need to resolve Plaintiffs' claims.

5. Under appropriate conditions, a stay of the litigation during an agency's rulemaking process can conserve the parties' and Court's resources, and the Court therefore has discretion to stay the case pending the completion of an ongoing rulemaking process. *See CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) ("A district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants."); *see also California v. U.S. EPA*, 360 F. Supp. 3d 984, 993 (N.D. Cal. 2019) ("A district court's 'power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants'") (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

6. Plaintiffs' position is that timely rescission of the Habitat Exclusion Rule and Habitat Definition Rule are needed to avoid irreparable harm to endangered and threatened species subject to agency decision-making under the Habitat Exclusion Rule and Habitat Definition Rule.

7. Federal Defendants' position is that they have prioritized rulemaking on the Proposed Rescission Rules and desire to complete the rulemaking

expeditiously and in a manner that complies with all applicable laws.

8. To further advance the parties' objectives, the Services have identified, and the parties agree to, the following rulemaking schedule[3]:

   a. The Services will submit the Proposed Rescission Rules to the Office of the Federal Register ("OFR"), for publication in the Federal Register, no later than October 18, 2021. The Service(s) agree(s) to expedite submission to OFR if OMB completes its review on either rule before the end of OMB's 90-day period under Executive Order 12866. For the first proposed rule to complete OMB review, the Service(s) will submit the Proposed Rescission Rule to the OFR no later than 20 days after OMB completes review, and for the second proposed rule to complete OMB review, the Service(s) will submit the proposed rule to the OFR no later than 10 days after OMB completes review.

   b. The Services will provide 30 days for the public to comment on the Proposed Rescission Rules. The Services will consider requests to extend the comment period based on good cause shown. Based on the scope and volume of public comments received, the Services will make good faith efforts to expedite review of, and responses to, public comments.

---

[3] The schedule includes deadlines for the Services to take action (e.g., the Services "will submit" a proposed rule "no later than…"). These deadlines are based on certain assumptions, but should not be construed as constraining the Services' discretion during the rulemaking to take alternative actions, as discussed further in Paragraph 9.

The schedule is also based on actions outside the Services' control: OMB completion of its reviews under E.O. 12866 and the Office of the Federal Register's publication of rules in a timely manner. Nevertheless, if the actions in Paragraph 8 do not occur as identified, Plaintiffs may file a notice with the Court that will automatically lift the stay, as discussed further in Paragraph 10.

    c. For the Habitat Definition Rule, the Services will submit a final rule to OMB for review under Executive Order 12866 by the earlier of (1) four months of the close of public comment or (2) March 7, 2022. For the Habitat Exclusion Rule, FWS will submit a final rule to OMB for review under Executive Order 12866 by the earlier of (1) five months after the close of public comment or (2) April 4, 2022.

    d. For the Habitat Definition Rule, the Services will submit a final rule to the OFR no later than June 16, 2022. For the Habitat Exclusion Rule, the Services will submit a final rule to the OFR no later than July 15, 2022. The Services agree to expedite submission to OFR, if possible, by submitting each final rule to OFR within 10 days of OMB completing its Executive Order 12866 review on that rule.

    e. The Service(s) will make each of the final rules effective within 30 days after publication of the rule in the Federal Register.

    f. The Services will continue to make good faith efforts to prioritize the rulemaking process as set forth herein and will promptly inform Plaintiffs when each of the actions described in subparagraphs a, c, and d has occurred.

9. In addition to the rulemaking schedule, the parties agree that, should the Court grant the requested stay of the proceedings, the Services will notify Plaintiffs before finalizing any interim guidance relating to application of the Habitat Exclusion Rule or Habitat Definition Rule that would apply pending the rescission of those rules. The parties further agree that the stay of litigation does not preclude Plaintiffs from challenging any application of the Habitat Exclusion Rule or Habitat Definition Rule in a separate rulemaking that designates critical habitat (should the Services apply the Habitat Exclusion

Rule or Habitat Definition Rule during the Proposed Rescission Rule rulemaking). And the parties agree that neither a stay of the case nor the schedule identified in Paragraph 8 dictates or constrains the Services' discretion in, or options available to it under the law during, any rulemaking process.

10. Based on the foregoing, the parties agree that a stay of the litigation is warranted. If the actions in Paragraph 8 do not occur as identified, the parties agree to meet and confer in good faith to try to reach resolution and maintain the stay. If the parties cannot reach a resolution within 7 business days of this initial meet and confer, Plaintiffs may file a notice with the Court that will automatically lift the stay. Consistent with this paragraph, the parties agree that Plaintiffs' sole recourse for any noncompliance with this stipulation is to file a notice that automatically lifts the stay. If a notice is filed, the parties shall file a joint proposal for further proceedings within 7 business days and the Services shall file their administrative record within 120 days.

11. The parties further agree that they will file a joint status report addressing further proceedings, or a stipulated dismissal, when both final rules are published in the Federal Register or by July 15, 2022, whichever is earlier.

WHEREFORE, based on the foregoing, the parties jointly request that the Court issue a stay of the proceedings through July 15, 2022, under the conditions identified above.

| | | |
|---|---|---|
| DATED: September 13, 2021 | | ROB BONTA<br>Attorney General of California<br>DAVID A. ZONANA<br>Supervising Deputy Attorney General<br>DAVID G. ALDERSON<br>Supervising Deputy Attorney General<br><br>*/s/ George Torgun*<br>GEORGE TORGUN, State Bar No. 222085<br>TARA MUELLER, State Bar No. 161536<br>ERIN GANAHL, State Bar No. 248472<br>Deputy Attorneys General<br>1515 Clay Street, 20th Floor<br>P.O. Box 70550<br>Oakland, CA 94612-0550<br>Telephone: (510) 879-1002<br>Email: George.Torgun@doj.ca.gov<br><br><br>MAURA HEALEY<br>Attorney General of Massachusetts<br><br>*/s/ Turner Smith*<br>TURNER SMITH (*pro hac vice*)<br>MATTHEW IRELAND<br>Assistant Attorneys General<br>Office of the Attorney General<br>Environmental Protection Division<br>One Ashburton Place, 18th Floor<br>Boston, MA 02108<br>Telephone: (617) 727-2200<br>Email: Turner.Smith@mass.gov<br><br>*Attorneys for Plaintiffs* |

TODD KIM
Assistant Attorney General
SETH M. BARSKY, Chief
MEREDITH FLAX, Assistant Chief

*/s/ Coby Howell  (by permission)*
COBY HOWELL, Senior Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
MICHAEL R. EITEL, Senior Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
1000 S.W. Third Avenue
Portland, OR 97204
Phone: (503) 727-1023
Fax: (503) 727-1117
Email: coby.howell@usdoj.gov

*Attorneys for Federal Defendants*

\* In compliance with Civil Local Rule 5-1(i), the filer of this document attests that all signatories listed have concurred in the filing of this document.

[PROPOSED] ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED:

Dated September 20, 2021 :

_____
The Honorable Jon S. Tigar